IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CORDELL SANDERS, #R41346, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 07–cv–808–SCW |
| | ) |
| GEORGE WELBORN, M. HOFFMAN, T. | ) |
| LUEHR, INTERNAL AFFAIRS OFFICER | ) |
| PORTER, | ) |
| | ) |
| Defendants. | |

# MEMORANDUM AND ORDER

**WILLIAMS, Magistrate Judge:**

Before the Court are two motions *in limine* filed by Plaintiff Cordell Sanders. Plaintiff has filed a Motion *in Limine* (Doc. 93) asking that the Court exclude testimony or other evidence regarding Plaintiff's arrest record, conviction, and criminal sentence, as well as asking that testimony or other evidence regarding Sanders' disciplinary record be excluded from trial. Plaintiff has also filed a Motion *in Limine* Regarding his Visual Appearance at Trial (Doc. 94). Defendants have filed Responses to the motions (Docs. 96 & 97).

**A.     Motion in Limine Regarding Evidence of Convictions**

Plaintiff has first filed a Motion *in Limine* (Doc. 93) seeking to exclude evidence of his prior arrest record, convictions, and criminal sentence, as well as his disciplinary record. Defendants have filed a Response (Doc. 96) arguing that evidence of Plaintiff's conviction is admissible under **FEDERAL RULE OF EVIDENCE 609** and is relevant both to Plaintiff's credibility and the level of force used on Plaintiff. Defendants further note that they have no intention at this time to introduce evidence of Plaintiff's disciplinary history but that such issues of relevance should be withheld until trial when

such issue may arise.

As to the evidence of Plaintiff's arrest record, convictions, or criminal sentence, Plaintiff argues that his conviction and incarceration are not relevant to the issues in this lawsuit. Under **FEDERAL RULE OF EVIDENCE 609**, "evidence [that] an accused has been convicted of [a crime punishable by death or imprisonment in excess of one year under the law under which the accused was convicted] shall be admitted if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect to the accused." The time limit on such convictions is 10 years. The admissibility of evidence is also subject to Rule 403 which provides that "relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice." **FED.R.EVID. 403.**

Here, while evidence of Plaintiff's convictions for which he is currently incarcerated are admissible under 609, it is still subject to the limitations of Rule 403. While Defendants argue that evidence of Plaintiff's convictions and the types of convictions are relevant, the Court finds preliminarily that the evidence of the convictions are prejudicial. However, the Court also agrees with Defendants that the evidence has some probative value. Thus, the Court preliminary **GRANTS IN PART** Plaintiff's motion as to his own prior convictions and **ORDERS** that while Defendants may elicit the number of convictions and the fact that they are felonies, for which Plaintiff is currently incarcerated, Defendants shall not elicit testimony regarding the nature of the convictions as such testimony would be highly prejudicial and outweighs the probative value of the evidence. However, this finding is preliminary and thus Defendants may re-raise the issue at trial if they believe the facts and circumstances at trial warrant admissibility of the evidence.

As to his disciplinary record while incarcerated within IDOC, Defendants argue that they do not foresee, at this time, introducing evidence of Plaintiff's disciplinary history while in the custody

of IDOC.  Thus, the Court also **GRANTS** Plaintiff's motion to the extent it seeks to exclude evidence of Plaintiff's disciplinary record at IDOC.  However, should evidence arise at trial which Defendants believe makes the introduction of disciplinary records relevant, they may re-raise the issue and the Court will address the matter at that time.

**B.      Motion in Limine Regarding Visual Appearance at Trial**

Also before the Court is a Motion *in Limine* Regarding Visual Appearance at Trial (Doc. 94) filed by Plaintiff.  Specifically, Plaintiff requests that the Court allow Plaintiff to wear civilian clothes at trial, allow Sanders to appear in Court without shackles and other restraints in view of the jury, and require any security official to wear civilian clothes and to not surround Plaintiff in the presence of the jury.  The Defendants have filed a Response (Doc. 97) stating that they will instruct IDOC to provide Plaintiff with "dress-outs".  Further, they do not object to the jury not seeing Plaintiff's shackles but note that inmates are usually required to wear leg restraints which are shielded from view of the jury.  As to the appearance and location of security personnel, IDOC has standard security measures for inmates and wear uniforms.  Based on the following, the Court **GRANTS IN PART AND DENIES IN PART** Plaintiff's Motion *in Limine* Regarding Visual Appearance (Doc. 94).

As to Plaintiff's request to wear civilian clothing at trial, the Court finds no issues with the request.  The Court finds no security or other problems with allowing Plaintiff to wear his own civilian clothing that he or his attorney provides.  Thus, the Court **GRANTS IN PART** Plaintiff's motion regarding his visual appearance at trial as to his request to wear civilian clothing (Doc. 94).  If Plaintiff or his attorney wants to provide Plaintiff with his own civilian clothing, Plaintiff may wear civilian clothing at trial.

As to his request to appear without shackles and other restraints in view of the jury, the Court **DENIES** that request to the extent that Plaintiff seeks to remain entirely unshackled.  While a

prisoner plaintiff is normally allowed to appear without hand restraints, as Defendants have pointed out, an inmate's legs are usually shackled for security measures. However, his leg shackles will be blocked from the view of the jury. Further, Plaintiff will be brought into Court and transferred to the witness stand, if applicable, outside the presence of the jury in order to prevent the jury from seeing any shackles. This standard procedure should address any concerns Plaintiff has with the jury potentially seeing his shackles or other restraints while still addressing security concerns. Thus, the Court **DENIES** Plaintiff's request to appear without shackles but does note that the above stated procedures will be implemented in order to address Plaintiff's concerns.

As to the request that the Court order security officials to wear civilian clothing and not surround Plaintiff in the presence of the jury, the Court notes that Plaintiff is in the custody of the Illinois Department of Corrections and this Court can not instruct IDOC on its choice of clothing for its officers nor will it instruct IDOC on how to perform its job in transporting prisoners in its custody. As Defendants state, IDOC has its own standard security measures for inmates of plaintiff's security level and the Court will not interfere with those requirements. Further, the Court will not interfere with any standard security measures regarding the location of officers in the courtroom. Accordingly, the Court **DENIES** Plaintiff's motion to the extent he seeks to have IDOC personnel accompanied Plaintiff wear certain clothing and stand in certain places throughout the courtroom.

**IT IS SO ORDERED**.

DATED: April 21, 2011.

*/s/Stephen C. Williams*

STEPHEN C. WILLIAMS

United States Magistrate Judge